IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**PATRICK R. MORRISON,**

    Plaintiff,

    v.                        CIVIL ACTION NO. 3:12-CV-137
                             (JUDGE GROH)

**BANK OF AMERICA, N.A. and
LORRAINE POWELL,**

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Currently pending before this Court is Plaintiff Patrick R. Morrison's Motion for Remand and for an Award of Attorney Fees and Costs [Doc. 9] filed on December 14, 2012 and Defendant Bank of America, N.A.'s (BANA) Motion for Relief from Default Judgment [Doc. 4] filed on November 20, 2012. For the following reasons, the Court **GRANTS** Plaintiff's motion and **REMANDS** this case to the Circuit Court of Jefferson County, West Virginia.

## I. FACTUAL BACKGROUND

This case arises from a loan transaction between Plaintiff, Defendant Powell, and Defendant BANA. In his Complaint, Plaintiff alleged that he was "co-borrowers" with Defendant Powell on two loans that financed the purchase of a home in Berkeley County, West Virginia in August 2006. Plaintiff and Defendant Powell were listed as "borrowers" and "co-tenants" under the terms of the deeds of trust securing the home loans. At the time

1

of the execution of the loan agreements, Plaintiff and Defendant Powell were an intimate couple who lived together. After Plaintiff and Defendant Powell ended their relationship, Defendant Powell moved out of and made no payments on the home.

On May 11, 2012, Plaintiff filed a Complaint in the Circuit Court of Jefferson County, West Virginia against Defendants BANA and Powell. Plaintiff's attorney issued BANA's summons to 6400 Legacy Drive, Plano, Texas 75024. ([Doc. 9], Ex. A). The Complaint was delivered to this address on May 21, 2012, as evidenced by a green certified mail card signed by a BANA employee. ([Doc. 9] Ex. B). Defendant BANA admits that it received a copy of both the Summons and the Complaint in its Plano, Texas office on May 21, 2012 ([Doc. 4], Ex. E). On July 12, 2012, Plaintiff moved for default because he had not received a response from BANA. ([Doc. 9], Ex. C). On August 9, 2012, the Circuit Court of Jefferson County entered a Judgment Order granting the Plaintiff's Motion for Default and setting a damages hearing for August 20, 2012 at 3:00 p.m. ([Doc. 9], Ex. D). Notice of the hearing was sent to BANA on August 10, 2012 at the Plano, Texas address. ([Doc. 9], Ex. D-1). Following the damages hearing, a Judgment Order was entered against BANA on August 28, 2012. ([Doc. 9], Ex. D-2).

BANA asserts that the Summons and the Complaint "were not routed properly when the items were received and were unfortunately filed in the electronic loan file without any further action by BANA." ([Doc. 4], Ex. E). According to the declaration of Ms. Overfield, BANA did not discover the documents until September 17, 2012, when an employee reviewing the mortgage file became aware of the action and the Default Judgment against BANA. On November 20, 2012, BANA filed its Notice of Removal and removed the action from the Circuit Court of Jefferson County, West Virginia to the United States District Court

for the Northern District of West Virginia. On the same date, BANA also filed its Motion for Relief from Default Judgment.

On December 14, 2012, Plaintiff filed his "Motion for Remand and for an Award of Attorney Fees and Costs." On January 2, 2013, BANA filed its response in opposition to Plaintiff's Motion for Remand. On January 4, 2013, BANA filed its Supplemental Response in Opposition to Plaintiff's Motion for Remand to bring a recent Order entered in the Southern District of West Virginia to the Court's attention. On January 9, 2013, Plaintiff filed his reply to BANA's response and supplemental response in opposition to Plaintiff's Motion for Remand. Thus, this issue is ripe for the Court's review.

## II. **DISCUSSION**

The Court has two issues to address. The first issue is whether complete diversity exists between Plaintiff and Defendants.[1] The second issue is whether Plaintiff is entitled to attorney's fees and costs pursuant to 28 U.S.C. § 1447.

**1. Whether Complete Diversity Exists**

In his motion, Plaintiff argues that the case should be remanded back to the Circuit Court of Jefferson County, West Virginia, pursuant to 28 U.S.C. § 1447(c) on the grounds that this case lacks complete diversity between the parties as required by 28 U.S.C. § 1332. Defendant contends that complete diversity exists because Plaintiff is a resident and citizen of the State of West Virginia, Defendant BANA is a citizen of North Carolina, and Defendant Powell, although alleged to be a citizen of West Virginia, is fraudulently

---

[1] The Court does not address the Plaintiff's argument regarding whether removal was timely because the Court finds complete diversity does not exist. Therefore, the Court lacks subject matter jurisdiction, and the issue regarding timely removal is moot.

3

misjoined or, at best, a nominal party.

Federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a). The complete diversity requirement of Section 1332(a) is satisfied when the lawsuit contains "no plaintiff and no defendant who are citizens of the same state." **Wis. Dep't of Corrections v. Schact**, 524 U.S. 381, 388, 118 S. Ct. 2047 (1998). However, a nondiverse defendant "may nevertheless remove a minimally diverse case if it can demonstrate that it was fraudulently misjoined in the state action." **Woulard v. Rogers**, 2012 WL 1956057, *1 (N.D.W. Va. May 30, 2012).

"Fraudulent misjoinder is an assertion that claims against certain defendants, while provable, have no real connection to the claims against other defendants in the same action and were only included in order to defeat diversity jurisdiction and removal." **Wyatt v. Charleston Area Med. Ctr., Inc.**, 651 F. Supp. 2d 492, 496 (S.D.W. Va. 2009). District courts in West Virginia have found that a plaintiff fraudulently misjoined a defendant if such joinder fails to satisfy the prerequisites for permissive joinder. See **Woulard**, 2012 WL 1956057, *2; **Wyatt**, 651 F. Supp. 2d at 496; **Ashworth v. Albers Med. Inc.**, 395 F. Supp. 2d 395, 411-12 (S.D.W. Va. 2005). Rule 20(a)(2) of the Federal Rules of Civil Procedure states that two or more defendants may be joined in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (b) any question of law or fact common to all defendants will arise in the action.

**FED. R. CIV. P. 20(a)(2)**; see also **W. VA. R. CIV. P. 20** (substantially same). The United

4

States Supreme Court has said that Rule 20(a) must be interpreted to allow the "broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." **United Mine Workers of Am. v. Gibbs**, 383 U.S. 715, 724, 86 S. Ct. 1130, 1137 (1966).

First, the Court must determine whether Defendant BANA has established that the claims against Defendant Powell "while provable, have no real connection to the claims against other defendants in the same action." See **Wyatt**, 651 F. Supp. 2d at 496. The courts apply Rule 20(a)(2) to determine if a connection to the claims existed. Rule 20(a)(2) of the Federal Rules of Civil Procedure states that two or more defendants may be joined in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (b) any question of law or fact common to all defendants will arise in the action.

**FED. R. CIV. P. 20(a)(2)**; see also **W. VA. R. CIV. P. 20** (substantially same). In this case, the claims against Defendant Powell and Defendant BANA arise out of the same series of transactions or occurrences because the claims arise out of the same Deed of Trust and the Note secured by the Deed of Trust. Plaintiff notes that the "breach of contract claim against Defendant Powell (Count One) arose from the same loan agreements that give rise to the breach of contract claim against Defendant BANA (Count Five)." ([Doc. 9-1], p. 6). Plaintiff joined Defendant Powell and established a cause of action against her in the underlying state action. Additionally, the claims against Defendant Powell and Defendant BANA involve common questions of law or fact. As alleged co-borrowers on the loan agreement, the alleged improper rejection of payments by Defendant BANA negatively

5

impacted the credit of Defendant Powell and Plaintiff. Also, the interpretation of the loan agreement and its terms is relevant to both the claims against Defendant Powell and Defendant BANA.

Second, the court must determine whether Defendant Powell was included in the same action only to defeat diversity jurisdiction and removal. Plaintiff, Defendant BANA, and Defendant Powell are all parties to the loan agreements at issue in this case. In the underlying state action, Plaintiff alleged that he and Defendant Powell were borrowers and co-obligors under the terms of both the Deed of Trust and the Note Secured by the Deed of Trust. ([Doc. 1-1], p. 5). Plaintiff has also alleged breach of contract claims against Defendant Powell involving the same loan agreements as a result of Defendant Powell's status as a co-obligor. Therefore, Defendant Powell is not included in the same action *only* to defeat diversity jurisdiction and removal.

The Court does not find that Defendant Powell was fraudulently joined, and complete diversity does not exist. Accordingly, the Court lacks subject matter jurisdiction and **GRANTS** Plaintiff's Motion to Remand.

### 2. Whether Plaintiff is Entitled to Attorney's Fees

Plaintiff argues that the Court should award the costs, expenses, and attorney's fees associated with Plaintiff's Motion to Remand because Defendant BANA lacked an objectively reasonable basis for seeking removal. ([Doc. 9-1], p. 11). Defendant BANA argues that its "reasonable basis" for the removal is that "complete diversity exists in light of the fraudulent misjoinder." ([Doc. 12], p. 15). Defendant further argues that "[h]ad BANA merely filed the removal with no explanation behind its theory for doing so, or without any case law in support, then it is possible to see where an award of fees may be entered." *Id.*

6

28 U.S.C. § 1447(c) provides, in pertinent part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The United States Supreme Court held that, "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." ***Martin v. Franklin Capital Corp.***, 546 U.S. 132, 141, 126 S. Ct. 704 (2005). A district court in the Southern District of West Virginia awarded attorney's fees and costs incurred as a result of removal because "[a] cursory examination of the applicable law would have revealed that the federal district court does not have jurisdiction over this case . . . ." ***Husk v. E.I. Du Pont De Nemours & Co.***, 842 F. Supp. 895, 899 (S.D.W. Va. 1994). However, the Fourth Circuit Court of Appeals has noted that "[q]uestions of removal are often complicated, generating the most extensive commentary in the most learned of treatises." ***In re Crescent City Estates, LLC***, 588 F.3d 822, 830 (4th Cir. 2009).

In this case, the Court finds that an award to Plaintiff of attorney's fees and costs incurred as a result of the removal is not appropriate. Defendant BANA's removal was not directly contrary to well-settled authority and a cursory review of the applicable law would not have revealed a clear answer. Accordingly, the Court **DENIES** Plaintiff's request for attorney's fees and costs.

### III. CONCLUSION

For the reasons stated above, this Court finds that the Plaintiff's Motion to Remand [Doc. 9] should be, and hereby is, **GRANTED**, and the proceedings are **REMANDED** to the Circuit Court of Jefferson County, West Virginia. As a result, the Court does not have

7

subject matter jurisdiction to consider Defendant BANA's Motion for Relief From Default Judgment [Doc. 4].

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein. The Clerk is also ordered to mail a certified copy of the order of remand to the clerk of the State court.

**DATED**: March 26, 2013

GINA M. GROH
UNITED STATES DISTRICT JUDGE