# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF WEST VIRGINIA

**Cheryl Dean Riley**     OFFICE OF THE CLERK OF COURT     **Michelle Widmer-Eby**
**Clerk of Court**                POST OFFICE BOX 471                **Chief Deputy Clerk**
                         WHEELING, WEST VIRGINIA 26003
                              (304) 232-0011
                         Facsimile (304) 233-2185

August 13, 2021

Via CM/ECF
Patrick Morrisson
c/o Stephen G. Skinner
Skinner Law Firm
PO Box 487
Charles Town, WV 25414

Via CM/ECF
Bank of America, N.A.
c/o Carrie Goodwin Fenwick
Goodwin & Goodwin, LLP
PO Box 2107
Charleston, WV 25328-2107
and
Victoria L. Wilson
Samuel I White, PC
601 Morris Street
Suite 400
Charleston, WV 25301

      In Re:  Morrisson v. Bank of America, N.A.
             Civil Action No.   3:12-cv-137

Dear Mr. Morrisson and Bank of America, N.A.,

      I have been contacted by Chief Judge, Gina M. Groh, who presided over the above-mentioned case. Judge Groh informed me that it has been brought to her attention that while she presided over the case, her husband owned stock in Bank of America. Her

500 West Pike Street, Room 301    P.O. Box 1518    217 W. King Street, Room 102
Clarksburg, WV 26302    Elkins, WV 26241    Martinsburg, WV 25401
(304) 622-8513    (304) 636-1445    (304) 267-8225

husband's ownership of the stock neither affected nor impacted her decisions in this case, which was remanded to the Circuit Court of Jefferson County, West Virginia, on March 26, 2013. However, her husband's stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Groh directed that I notify the parties of the conflict.

> Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:
>
> [A]judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified." With Advisory Opinion 71 in mind, you are invited to respond to Judge Groh's disclosure of a conflict in this case. Should you wish to respond, please submit your response in writing by filing it on the docket of this case on or before **August 27, 2021**. Any response will be considered by another judge of this court without the participation of Judge Groh.

    Sincerely,

    *Cheryl Dean Riley*

    Cheryl Dean Riley,
    Clerk of Court